UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY S. BESLEY,

       Plaintiff,

  -v-

BRIANNA BORDEN, City of Elmira Police
Officer,

       Defendant.
_____

PS

21-CV-06754 DGL
ORDER

      *Pro se* Plaintiff, Jeffrey S. Besley, a prisoner currently confined at the Marcy Correctional Facility ("Marcy"), filed this action seeking relief under 42 U.S.C. § 1983. Docket Item 1. He alleged that (1) he was falsely arrested and subjected to an unlawful search by City of Elmira Police Officer Brianna Borden in violation of his rights under the Fourth Amendment to the United States Constitution and (2) his parole was revoked by the New York State Department of Corrections and Community Supervision ("DOCCS") based on that unlawful arrest. *Id.*

      The Court granted Plaintiff permission to proceed *in forma pauperis* and, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, screened the Complaint. The Court (1) dismissed with prejudice Plaintiff's claims against the City of Elmira Police Department and DOCCS, (2) substituted the City of Elmira as a Defendant in the place of the City of Elmira Police Defendant and directed that Officer Borden be added to the caption of this action as a defendant, (3) dismissed Plaintiff's false arrest and unlawful search claims against the City of Elmira and Officer Borden without prejudice and with leave to amend, and

1

(4) dismissed Plaintiff's claims related to his parole revocation under authority of *Heck v. Humphrey*, 512 U.S. 477 (1994). Docket Item 5 ("Screening Order").

Plaintiff timely filed an Amended Complaint against Officer Borden only alleging false arrest and an unlawful search in violation of the Fourth Amendment. Docket Item 6. The Court again screens Plaintiff's Amended Complaint using the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria. Having reviewed the Amended Complaint, it is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

**I.     THE AMENDED COMPLAINT**

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in pro se

cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

The Amended Complaint names only Officer Borden alleging false arrest and an unlawful search – the very claims he was permitted to amend. Docket Item 6. The Amended Complaint, like the original Complaint, is bare-bones and, again, alleges no facts supporting plausible claims. Liberally construed, it alleges the following. On April 13, 2021, between 6:00-6:30 p.m., Plaintiff was arrested by Officer Border for the criminal offense of Burglary in the Second Degree. Officer Borden did not "Mirandize[]" Plaintiff, question him, or obtain a search warrant for his apartment. He was arrested at "18:13," presumably 6:13 p.m., and formally charged at "21:17," presumably 8:17 p.m. *Id.* at 5. Borden was told that due to a conflict of interest she could not be involved in Plaintiff's arrest, but she failed to report it. Plaintiff states he was never convicted "of the alleged crime." *Id.* He seeks $600,000 in damages for lost wages, mental anguish, and pain and suffering. *Id.* at 6.

In sum, Plaintiff alleges that he was falsely arrested for the criminal offense of Burglary in the Second Degree and that Borden did not provide him *Miranda* warnings[1] and searched his apartment without a warrant. Docket Item 1 at 5.

---

[1] The Court previously dismissed any claim premised on Officer's Borden failure to advise Plaintiff of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), because the Second Circuit Court has explicitly held that a plaintiff cannot sustain a section 1983 claim based on such a failure. *Neighbor v. Covert*, 68 F.3d

### A. False Arrest

"A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of [the] claim. . . ." *Potter v. Port Jervis Police Dep't*, No. 19-CV-10519 (CM), 2020 WL 528823, at *4 (S.D.N.Y. Feb. 3, 2020).  Under New York law, a plaintiff claiming false arrest must show that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Id.* (alteration omitted and quoting *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012)). "An arrest is privileged if it is based on probable cause." *Id. (citing Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (internal quotation marks omitted)).  "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

The Court, based on essentially the same allegations now asserted in the Amended Complaint, found that the original Complaint alleged no facts suggesting that there was a lack of probable cause for Plaintiff's arrest but granted Plaintiff an opportunity to amend this claim to allege, if the facts supported it, the lack of probable cause for his arrest.  Docket Item 5 at 8-9.

---

1508, 1510 (2d Cir. 1995).  The United States Supreme Court has granted certiorari to address this issue. *Vega v. Tekoh*, 21-499 (Jan. 14, 2022) (Mem).

4

The Amended Complaint again fails to state a claim of false arrest.  It alleges only that Officer Borden did not question him and that she had a conflict of interest.  Docket Item 1 at 5.  Plaintiff fails to allege that Officer Borden did not have probable cause to arrest him and thus fails to state a plausible claim of false arrest in violation of the Fourth Amendment.  The fact that he was not convicted of the offense for which he was arrested,[2] Docket Item 6 at 6, does not alter this conclusion.

Further, as noted in the Screening Order, Docket Item 5 at 10, to the extent that Plaintiff may be alleging that the unlawful search led to his arrest and, thus, the arrest was unlawful, said claim does not set forth a cognizable false arrest claim because the "fruit of poisonous the tree" doctrine applied in criminal cases to exclude evidence derived from an unlawful act – *e.g.*, an unlawful search or seizure – does not apply to § 1983 actions.  *See Tinsdale v. Hartley*, 442 F. Supp. 3d 569, 573 (W.D.N.Y. 2020) (citing, *inter alia*, *DiMascio v. City of Albany*, 205 F.3d 1322 (2d Cir. 2000) (table decision, unpublished text available on WESTLAW under 2000 WL 232053, at *1)) ("We have held . . . that the fruit of the poisonous tree doctrine is inapplicable to civil § 1983 actions." (internal quotation marks omitted)).

### B.  Unlawful Search

Plaintiff again alleges that Officer Borden did not obtain a warrant to search his apartment.  Liberally construed, this alleges an unlawful search in violation of the Fourth Amendment.   Because the original Complaint did not set forth, in any way, the

---

[2] Based on parole revocation records attached to the original Complaint, Plaintiff's parole release was revoked based on a finding that Plaintiff broke into and stole the property from someone in a room in the rooming house where he lived.  The Board of Parole placed a hold on Plaintiff to his original sentence's maximum expiration date.  The Board concluded that a parole revocation is not precluded even though the criminal charge, which was the basis for the revocation, was dismissed.  This finding was affirmed by the Board of Parole's Appeals Unit and Plaintiff's request for reconsideration was denied.  Docket Item 1 at 8-10.

circumstances of the search or even what was searched and what was found during the search, the Court found that this claim failed to state a plausible claim for relief and had to be dismissed unless Plaintiff filed an amended complaint alleging the circumstances of the search and stating a plausible Fourth Amendment violation.  Docket Item 5 at 10-12. The Amended Complaint, however, again fails to allege a plausible violation of the Fourth Amendment – Plaintiff alleges only that Borden did not obtain a warrant.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . .," and further provides that "no Warrants shall issue, but upon probable cause . . ."  Const. amend IV; *see also United States v. Barner*, 666 F.3d 79, 82 (2d Cir. 2012) ("The Fourth Amendment protects the right of private citizens to be free from unreasonable government intrusions into areas where they have a legitimate expectation of privacy.") (quoting *United States v. Newton*, 369 F.3d 659, 664 (2d Cir. 2004)).  "Based on this constitutional text, the Court has repeatedly held that searches conducted outside the judicial process, without prior approval by a [a] judge or [a] magistrate [judge], are *per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *City of Los Angeles, Cal. v. Patel*, 576 U.S. 409, 419 (2015) (internal quotation marks omitted) (quoting *Arizona v. Gant*, 556 U.S. 332, 338 (2009)).

"In analyzing a claim for unlawful search and seizure under the Fourth Amendment, courts look to the reasonableness of the search when determining whether a search violated a plaintiff's constitutional rights."  *Hatcher v. City of New York*, 15-CV-7500 (VSB), 2018 WL 1583036, at *7 (S.D.N.Y. Mar. 27, 2018) (citing *Terry v. Ohio*, 392 U.S.1, 9 (1968) ("[T]he Constitution forbids . . . not all searches and seizures,

6

but unreasonable searches and seizures" (quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960))).  Because the Amended Complaint, like the original Complaint, sets forth no facts relating to the search, *e.g.*, whose "apartment' was searched, when did the search occur, what led to the search, did the search precede the arrest or was the arrest based on the search, *etc.*, the Court has no basis upon which to analyze the reasonableness of the search or whether one of the exceptions to the Fourth Amendment's warrant requirement apply to the search at issue.

As addressed in the Screening Order, one such exception is a search incident to an arrest.  *Alexander v. City of New York*, 17 Civ. 3170 (LGS), 2019 WL 5887300, at * 5 (S.D.N.Y. Nov. 8, 2019) ("While a search typically requires a warrant to be reasonable, the search incident to arrest doctrine is an exception to the warrant requirement of the Fourth Amendment.") (citing *United States v. Diaz*, 854 F.3d 197, 205 (2d Cir. 2017)); *see also United States v. DeJesus*, 538 F. Supp. 3d 382, 389 (S.D.N.Y. 2021) ("One of the 'specifically and well-delineated exceptions' pertains to persons who have been paroled from a sentence of imprisonment and who, as a condition of such parole, have been required to submit their person or property to search without a search warrant. Parolees, like probationers, have significant[ly] diminished expectation of privacy.") (citing *Samson v. California*, 547 U.S. 843, 848-49 (2006)).  Without knowing any of the circumstances of the search, the Court simply cannot analyze either whether the search without a warrant was unreasonable or whether the search was executed pursuant to one of the exceptions to the Fourth Amendment's warrant requirement.

Accordingly, Plaintiff's unlawful search claim is dismissed with prejudice because it fails to state a plausible claim upon which relief can be granted.

**CONCLUSION**

For the reasons discussed above, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        April 15, 2022.